J-S35007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACKIE SHANDEAN COOK JR. | : | |
| | : | |
| Appellant | : | No. 645 MDA 2022 |

Appeal from the PCRA Order Entered February 14, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0006056-2002

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED: DECEMBER 23, 2022**

Appellant, Jackie Shandean Cook Jr., appeals from the post-conviction court's February 14, 2022 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we quash this appeal.

The facts of Appellant's underlying convictions are not germane to our disposition of his appeal.  We need only note that in February of 2004, Appellant was convicted by a jury of second-degree murder and conspiracy to commit kidnapping.  That same day, Appellant was sentenced to an aggregate term of life imprisonment, without the possibility of parole.  Appellant did not file a post-sentence motion or a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

Over 15 years later, Appellant filed the *pro se* PCRA petition underlying his present appeal. Counsel was appointed but, instead of filing an amended petition on Appellant's behalf, counsel filed a petition to withdraw and 'no-merit' letter as required by **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), indicating that Appellant had no meritorious issues to raise on collateral review. On January 14, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, as well as an order granting PCRA counsel's petition to withdraw. On February 7, 2022, Appellant filed a response to the court's Rule 907 notice, which was confusingly titled, "Motion to Appeal the Decision for Post Conviction to Honorable Judge Parisi." In that *pro se* document, Appellant seemingly challenged the court's granting PCRA counsel's petition for leave to withdraw. **See** Motion, 2/7/22, at 1 (single page) (stating PCRA counsel was "not putting in the work to do the [j]ob" and that his "[c]ourt[-]appointed lawyers have not been of help").[1] On February 14, 2022, the court issued an order dismissing Appellant's PCRA petition.

On March 17, 2022, Appellant filed a *pro se* document that was docketed as "*Pro Se* Defendant's Response to Order of Intent to Dismiss." For some reason, that document is not contained in the certified record. However, a

---

[1] Appellant refers to his 'lawyers,' in plural, because, as the PCRA court pointed out, he had three different PCRA attorneys. The first two attorneys withdrew due to a conflict of interest, and other reasons unrelated to Appellant's case, after which the court appointed a third PCRA counsel. Rule 907 Notice, 1/14/22, at 2 n.2.

- 2 -

copy was attached by Appellant to his response to a Rule to Show Cause Order issued by this Court, which will be discussed in further detail, *infra*. At the top of the March 17, 2022 document, Appellant stated, "AND NOW, this 13th day of March, this defendant responds to the courts [*sic*] notice [and] order of intent to dismiss title 'Motion to Appeal the Decision for Post Conviction.'" *Pro Se* Document, 3/17/22, at 1 (unnumbered). The March 17, 2022 document consists of six pages of what appears to be argument challenging the validity of Appellant's convictions. The court treated the March 17, 2022 document as a second PCRA petition and, on April 11, 2022, it issued a Rule 907 notice of its intent to dismiss that petition without a hearing. On May 3, 2022, the court issued an order dismissing Appellant's March 17, 2022 petition.

Meanwhile, the trial court docket indicates that on April 29, 2022, Appellant filed a *pro se* document that was treated as a notice of appeal. Again, for some unexplained reason, that *pro se* document is not contained in the certified record. However, it was forwarded to this Court as a notice of appeal and entered on our docket. In that *pro se* document, Appellant does not explicitly state from what order he seeks to appeal, but he does declare, "[I] want to appeal the decision of the court…." Notice of Appeal, 5/3/22, at 1 (single page). The docketing statement completed by Appellant indicates he is appealing from the PCRA court's February 14, 2022 order denying his petition. **See** Criminal Docketing Statement, 5/14/22, at 1 (single page).

Because it appeared that Appellant was appealing from the court's February 14, 2022 order denying his first PCRA petition, and his notice of

appeal was not filed within 30 days of the date of that order, this Court issued a Rule to Show Cause order, directing Appellant to explain why his appeal should not be quashed as untimely. Appellant filed a response on June 29, 2022, seeming to assert that the *pro se* document he filed on March 17, 2022 was intended to be a notice of appeal. Appellant attached the March 17, 2022 document to his response, which we discussed *supra*. In light of Appellant's response, we discharged the Rule to Show Cause order and referred the issue of the timeliness of Appellant's appeal to this merits panel, which we now address.

Initially, nothing in the *pro se* document filed by Appellant on March 17, 2022, indicates that he was attempting to notify the court that he was appealing. Instead, that document indicates that Appellant intended it to be a **response** to the court's notice of intent to dismiss his PCRA petition without a hearing, and its order granting counsel's petition to withdraw. In contrast, the April 29, 2022 *pro se* document filed by Appellant clearly states that he is seeking to appeal. While that document is also deficient, in that it does not explicitly identify from what order Appellant was appealing, it is sufficient – along with the subsequently-filed docketing statement – to demonstrate that Appellant filed it to notify the court of his intent to appeal from the February 14, 2022 order denying his petition. As the actual notice of appeal – the *pro se* document filed on April 29, 2022 – was not filed within the 30 days prescribed by Pa.R.A.P. 903(a), it appears on its face to be untimely, divesting this Court of jurisdiction to consider Appellant's appeal. ***See Commonwealth***

- 4 -

*v. Williams*, 106 A.3d 583, 587 (Pa. 2014) ("The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.") (citations omitted).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2022